**14 CV 6091**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NEW YORK CITY AND VICINITY DISTRICT
COUNCIL OF THE UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA

                              Plaintiffs,                  Case No. 14-cv-_____

      -against-

ASSOCIATION OF WALL-CEILING AND
CARPENTRY INDUSTRIES OF NEW YORK, INC.,

                              Defendant.
------------------------------------------------------------------X



RECEIVED
AUG 0 5 2014
U.S.D.C. S.D. N.Y.
CASHIERS

### COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff New York City and Vicinity District Council of the United Brotherhood of Carpenters and Joiners of America (the "District Council" or the "Union"), by and through its attorneys Spivak Lipton LLP, respectfully alleges as follows:

<u>NATURE OF ACTION</u>

1.      This is an action brought by the Union against the Association of Wall-Ceiling And Carpentry Industries of New York, Inc. ("WCC") to set aside an arbitration award issued on July 22, 2014, (the "Opinion and Award") by Arbitrator Howard C. Edelman (the "Arbitrator") on the grounds that it is contrary to public policy, does not draw its essence from the parties' collective bargaining agreement, and the Arbitrator exceeded his authority in rendering it. Plaintiff District Council seeks, among other relief, an order vacating the Opinion and Award in full. A true and correct copy of the Opinion and Award is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), § 29 U.S.C. 185 and 28 U.S.C. §§ 1331 and 1337.

3. The subject matter of this action is also related to <u>United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, et al.</u>, 90 Civ. 5722 (RMB) ("<u>U.S. v. District Council</u>"). This Court has retained exclusive jurisdiction to supervise implementation of the Consent Decree ("Consent Decree") entered March 4, 1994, and Stipulation and Order Regarding Appointment of a Review Officer ("Stipulation and Order") filed June 3, 2010 in that case.

4. Venue is proper pursuant to 9 U.S.C. § 10 and 28 U.S.C. § 1391(b) because the challenged arbitration hearing took place in this judicial district.

## THE PARTIES

5. Plaintiff, District Council, is an unincorporated membership association and a labor organization within the meaning of Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), representing employees in industries affecting commerce.

6. The District Council maintains its principal offices at 395 Hudson Street, New York, NY 10014.

7. The District Council represents, for purposes of collective bargaining, carpenters and similarly skilled workers in the building and construction industry and in commercial

enterprises that manufacture and fabricate materials and products used in the building and construction industry.

8. Defendant WCC is a New York corporation and an employer within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2).

9. WCC maintains its principal offices at 125 Jericho Turnpike, Suite 301, Jericho, New York 11753.

10. The WCC is a multi-employer collective bargaining agent authorized to negotiate a collective bargaining agreement with the District Council on behalf of a group of wall, ceiling, and construction industry employers in the New York City metropolitan area.

## FACTUAL ALLEGATIONS

11. The Union and the WCC have been parties to a series of successive collective bargaining agreements for decades. The parties' current collective bargaining agreement ("CBA") is in effect for the term of July 1, 2011 to June 30, 2017. A true and correct copy of the July 1, 2011 to June 30, 2017 District Council-WCC CBA is attached hereto as Exhibit B.

12. For decades, the District Council has also been subject to court-appointed monitorship. In September 1990, the United States Attorney for the Southern District of New York (the "government") filed a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") action seeking injunctive relief against the District Council and certain of its officers.

13. The government's RICO complaint included "detailed factual allegations" regarding "collective bargaining agreements and hiring practices." U.S. v. District Council, 409 F.Supp. 2d 439, 440 (S.D.N.Y. 2006).

14. On March 4, 1994, the District Council and the government entered into a consent decree which would reform and govern the future affairs of the District Council (the "Consent Decree"). Since the date that the Consent Decree was entered, its specific rules and obligations have controlled the operations of the District Council and its constituent local unions.

15. Among other provisions, the Consent Decree required the District Council's constituent local unions to adopt certain job referral rules and procedures and make all job referrals in accordance with the job referral rules. The District Council must at all times comply with the job referral rules in all respects.

16. For many years (even prior to the Consent Decree's implementation) the District Council's industry-wide CBA with the WCC included a 50:50 staffing provision.

17. The District Council and the WCC were parties to an earlier CBA with a term of July 1, 2006 to June 30, 2011. The 50:50 staffing ratio appeared in that CBA.

18. Such a 50:50 staffing provision required that fifty percent (50%) of a particular employer's carpenters could be hired from any source whatsoever, while the remaining fifty percent (50%) must have been referred from the Union's job referral list (or "Out of Work List").

19. As a concession to employers, the District Council's referral rules as implemented by the Consent Decree also allowed employers to request "specific members employed by the employer within the previous six months" from the Union's job referral list. U.S. v. District Council, 571 F. Supp. 2d 555, 558 (S.D.N.Y. 2008).

20. However, under the July 1, 2006 to June 30, 2011 District Council-WCC CBA, employers were also granted an unrestricted right to request any carpenter—by name—from the

Out of Work List. Previously, the employer's pool of possible requests were limited to only those carpenters who had worked for the employer in the previous six months, but had become unemployed and remained on the Union job referral list.

21.     This so-called unrestricted "request system" effectively allowed employers to designate all carpenters at any particular job, thereby vitiating the 50:50 staffing ratio. The District Council failed to secure consent or give the government advance notice of the request system that was incorporated into earlier WCC CBAs. Those failures, the Second Circuit held, placed the District Council in contempt of the Consent Decree. U.S. v. District Council, 229 F. App'x 14, 19 (2d Cir. 2007).

22.     Following the contempt ruling, the WCC (and other multiemployer bargaining associations) intervened in the case to express their views on the appropriate remedy for the District Council's contempt. See U.S. v. District Council, 592 F.Supp.2d 708 (S.D.N.Y. 2009).

23.     The Court ultimately ordered that, under the circumstances, it would void the request system and instead allow employers to hire sixty-seven percent (67%) of their workforces from any source, while thirty-three percent (33%) must be exclusively Union referrals from the Union's job referral list. Id. at 721-22.

24.     Against this background, the WCC and the District Council entered into negotiations for a new CBA to replace that which expired June 30, 2011. In exchange for the wage and benefit increases in the CBA, the WCC negotiated for so-called "full mobility." Under "full mobility", the District Council and WCC agreed that they would abandon the old hiring ratios. The current July 1, 2011 to June 30, 2017 District Council-WCC CBA thus provides that:

> Notwithstanding any other provisions of this Agreement, the Employer shall be permitted to hire any and all Carpenters, except for the Shop Steward and except as otherwise provided in Article VII, Section 2, [also regarding hiring of certified Shop Stewards] <u>without reference to hiring ratios</u> (i.e., the Employer will be able to hire Carpenters except as specifically limited, under so-called full mobility.)

(Ex. B at 21) (emphasis added).

25. Since the then-existing hiring ratio of 67:33 had been imposed by the Court's May 26, 2009 contempt remedy, the District Council and WCC were obligated to seek a supplemental order from the Court that would allow for "full mobility" and the related terms of the July 1, 2011 to June 30, 2017 CBA.

26. On May 8, 2013, the Court approved the Union's application to put the July 1, 2011 to June 30, 2017 CBA into effect, including its provisions abandoning the former hiring ratios. A copy of the court's May 8, 2013 order is annexed hereto as Exhibit C.

27. The Court's May 8, 2013 order allowing abandonment of the hiring ratios was based, in part, on the parties' simultaneous implementation of several anti-corruption compliance provisions. As specified in the May 8, 2013 order, the CBA detailed several measures that obligated the parties to prevent fraud and abuse in the workplace. See Ex. C at 9-10. One major component of the anti-corruption compliance provisions is the daily electronic reporting of employee hours worked in real time to the District Council.

28. At WCC workplaces with three or more District Council carpenters, the electronic reporting is completed by a District Council certified shop steward. See Ex. B at 21-22. On jobs with fewer than three carpenters, those duties are assigned to one of the two employees. Id. at 17.

29. Under prior CBAs, WCC jobs had to be staffed with a certified shop steward referred by the District Council job referral list. The new July 1, 2011 to June 30, 2017 CBA now allows, on WCC jobs requiring only two employees, individual employers to work without a certified shop steward without a time limitation. However, "[a]ny employee who is not a member of the District Council will be matched 1:1 from the District Council's Job Referral List." Id.

30. This last sentence is the subject of the present arbitration Award.

31. In August 2013, a year after reaching agreement with the District Council on the terms of their current CBA, the WCC entered into a separate collective bargaining agreement (a so-called "international" agreement) with the United Brotherhood of Carpenters and Joiners of America ("UBC"), the District Council's superordinate affiliate.

32. The WCC's current international agreement with the UBC is annexed hereto as Exhibit D (the "International CBA"). It allows "Signatory Employers" (i.e., contractor members of the WCC) to "bring in two (2) key traveling employees from its home area to perform required work in any jurisdiction or geographical area of the" UBC. (Ex. D. at 8.)

33. The District Council had no role whatsoever in negotiating or discussing the terms of the International CBA with either the WCC or the UBC.

33. After executing the International CBA, the WCC took the position that it could rely upon (or "invoke") the terms of the International CBA and perform work on jobs requiring only two employees without adhering to the express mandate of the District Council-WCC CBA that "[a]ny employee who is not a member of the District Council will be matched 1:1 from the District Council's Job Referral List." (Ex. B at 17.)

34. The Arbitrator ruled that the WCC's contractor members could, in fact, "invoke" the WCC International CBA for that purpose. (See Ex. A. at 21, "I have merely held that the parties did not agree to bar the WCC from invoking the International Agreement, as it applies to two-man jobs.")

35. A plain reading of the Award also releases the WCC member contractors from complying with the anti-corruption compliance measures set forth in the WCC and District Council CBA for the term of July 1, 2011 to June 30, 2017. Those measures are also mandated by the Court's May 8, 2013 order approving that CBA.

36. A WCC contractor could use the WCC International agreement as a subterfuge to perform work in the District Council's territorial jurisdiction (generally the five boroughs of New York City) while avoiding the anti-corruption compliance provisions of the Court's order. In this connection, the Award is incompatible with the Court's May 8, 2013 order.

37. Further, the parties to the arbitration—the WCC and the District Council—did not grant the Arbitrator the authority to apply or construe the terms of the International CBA. Rather, the Arbitrator is named as a contract arbitrator in the District Council-WCC CBA.

38. By his dependence upon the "practice" of "invoking" a separate CBA (the International CBA), the Arbitrator has exceeded his powers. The Opinion and Award relies upon a separate collective bargaining agreement over which the Arbitrator has no authority.

39. Finally, by relying on the so-called "practice" of "invoking" the International CBA, the Opinion and Award fails to draw its essence from the District Council-WCC CBA with the term of July 1, 2011 to June 30, 2017.

## AS AND FOR A FIRST CAUSE OF ACTION

40. Paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41. By reason of the foregoing, the Opinion and Award contravenes the well-defined and dominant public policy embodied in the Court's May 8, 2013 order approving the District Council-WCC CBA with the term of July 1, 2011 to June 30, 2017. The Opinion and Award must be vacated and set aside in its entirety

## AS AND FOR A SECOND CAUSE OF ACTION

42. Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43. By reason of the foregoing, the Opinion and Award fails to draw its essence from the District Council-WCC CBA with the term of July 1, 2011 to June 30, 2017. The Opinion and Award must be vacated and set aside in its entirety.

## AS AND FOR A THIRD CAUSE OF ACTION

44. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

45. By reason of the foregoing, the Arbitrator exceeded the authority granted to him by the parties. The Opinion and Award must be vacated and set aside in its entirety.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff District Council respectfully requests that this Court issue a decision and order:

(1) Vacating the arbitration Opinion and Award dated July 22, 2014, by Arbitrator Howard C. Edelman;

(2) Awarding costs, expenses, and attorney's fees to Plaintiff; and

(3) Providing such other additional relief as is just and proper.

Dated: New York, New York
       August 4, 2014

                    Respectfully submitted,

                    By: _____
                        James M. Murphy
                        Spivak Lipton LLP
                        1700 Broadway
                        New York, NY  10019
                        212-765-2100
                        jmurphy@spivaklipton.com

                        *Attorneys for District Council*
                        *of New York City and Vicinity*
                        *of the United Brotherhood of*
                        *Carpenters and Joiners of America*